IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| EDWARD ARLEN JOHNSON,<br><br>        Plaintiff, | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT SHERIFF AARON D. KENNARD'S MOTION TO DISMISS, GRANTING DEFENDANT MIDVALE CITY POLICE DEPARTMENT'S MOTION TO DISMISS AND DISMISSING CASE |
| vs. | |
| ARLEN JOHNSON, et al.,<br><br>        Defendants. | Case No. 2:05-CV-749 TS |

Plaintiff filed a *pro se* Civil Rights Complaint against a number of Defendants on September 8, 2005.[1]  The Court completed the screening process under 28 U.S.C. § 1915, and allowed Plaintiff to proceed against Defendants Salt Lake County Sheriff Aaron Kennard[2] and

_____

[1]Docket No. 3.

[2]Plaintiff's Complaint named "Ken Kenard" as a Defendant and described this person as the sheriff in charge of the county jail.  The Court construed Plaintiff's Complaint as referring to Aaron Kennard, Salt Lake County Sheriff.

Midvale City Police Chief Gerald Maughn.[3]  Both Defendants have filed Motions to Dismiss.[4]

Plaintiff has responded with various letters to the Court.[5]

## I. 12(b)(6) STANDARD

"Dismissal of a pro se complaint for failure to state a claim is proper only where it is

obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give

him an opportunity to amend."[6]  "A court reviewing the sufficiency of a complaint presumes all

of plaintiff's factual allegations are true and construes them in the light most favorable to the

plaintiff."[7]  "A pro se litigant's pleadings are to be construed liberally and held to a less stringent

standard than formal pleadings drafted by lawyers."[8]  This means "that if the court can

reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should

do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal

theories, his poor syntax and sentence construction, or his unfamiliarity with pleading

requirements."[9]

---

[3]The Court directed that Service of Process be served on Midvale City Police Chief Gerald W. Maughn.  Plaintiff's Complaint referred to the Midvale City Police Department, rather than Gerald Maughan and the Midvale City Police Department has filed a Motion to Dismiss.

[4]Docket Nos. 18 and 22.

[5]*See* Docket Nos. 21, 24, 25, 27, 28, 29, and 30.

[6]*Perkins v. Kan. Dept. of Corrections*, 165 F.3d 803, 806 (10th Cir. 1999).

[7]*Hall v. Bellmon*, 935 F.2d 1006, 1109 (10th Cir. 1991).

[8]*Id*. at 1110.

[9]*Id*.

## II.  DEFENDANT SHERIFF AARON D. KENNARD'S MOTION TO DISMISS

Plaintiff's Complaint and his response to Defendant Kennard's Motion for More Definite Statement states that Sheriff Kennard is responsible for the safety and treatment of the prisoners at the jail.[10]  He states that the jail officials do not care about the safety of the prisoners and that it is his belief that Sheriff Kennard is responsible for the actions of his staff.

More recently, in his response to Defendant Kennard's Motion to Dismiss, Plaintiff makes numerous allegations against unidentified jail officials.  Plaintiff alleges he was sprayed with pepper spray,[11] that he was thrown against the wall,[12] that he was punished unfairly,[13] that he was denied telephone access to a lawyer,[14] that he was limited to showers every second day,[15] that he was denied access to a bail bondsmen,[16] and that he was confined with someone who was in jail for murder.[17]  Plaintiff does not allege that Defendant Kennard committed any of these acts, only that he believes Defendant Kennard is responsible for the actions of his staff.

Defendant Kennard brings this Motion to Dismiss arguing that Plaintiff has provided no evidence that Defendant Kennard participate in these alleged acts, directed others to commit them, or even knew about them.

---

[10]Docket No. 21, at 1.

[11]Docket No. 25, at 1.

[12]*Id*.

[13]*Id*.

[14]*Id*. at 3.

[15]*Id*. at 3–4.

[16]*Id*. at 4.

[17]*Id*.

3

"To prevail on a claim for damages for a constitutional violation pursuant to 42 U.S.C. § 1983, a plaintiff must establish the defendant acted under color of state law and caused or contributed to the alleged violation."[18]  A plaintiff must show that the defendant personally participated in the alleged violation.[19]  Conclusory allegations are not enough to satisfy this burden.[20]

There is no concept of strict supervisor liability under § 1983.[21]  But a state actor who participated in a violation in a supervisory role may incur liability.[22]  It is not enough, however, "for a plaintiff merely to show a defendant was in charge of other state actors who actually committed the violation.  Instead, just as with any individual defendant, the plaintiff must establish 'a deliberate, intentional act by the supervisor to violation constitutional rights.'"[23]  In order to satisfy this standard, a plaintiff must show that "the defendant-supervisor personally directed the violation or had actual knowledge of the violation and acquiesced in its continuance."[24]

In this case, Plaintiff has failed to allege that Defendant Kennard personally participated in the alleged violations.  Moreover, Plaintiff has failed to allege that Defendant Kennard

---

[18]*Jenkins v. Wood*, 81 F.3d 988, 994 (10th Cir. 1996).

[19]*Id*.

[20]*Id*.

[21]*Beedle v. Wilson*, 422 F.3d 1059, 1073 (10th Cir. 2005).

[22]*Jenkins*, 81 F.3d at 994.

[23]*Id*. at 994–95 (quoting *Woodward v. City of Worland*, 977 F.2d 1392, 1399 (10th Cir. 1992)).

[24]*Id*. at 995.

personally directed the violation or had actual knowledge of the violation and acquiesced in its continuance.  As a result, Plaintiff has failed to state a claim against Defendant Kennard.  Therefore, the Court will grant Defendant Sheriff Aaron Kennard's Motion to Dismiss.

  III.  DEFENDANT MIDVALE CITY POLICE DEPARTMENT'S MOTION TO DISMISS

      Plaintiff's Complaint alleges that he was falsely arrested by police officers employed by Midvale City and that he was taken to jail by them.

      In *Monell v. New York City Dept. Of Social Servs.*,[25] the Court found that municipalities and other local government units are "persons" to which § 1983 applies.[26]  But the Court held "that a municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory."[27]

      "Instead, in *Monell* and subsequent cases, [the Court has] required a plaintiff seeking to impose liability on a municipality to identify a municipal 'policy' or 'custom' that caused the plaintiff's injury."[28]  It is not enough to identify conduct properly attributable to the municipality.[29]  "The plaintiff must also demonstrate that, through its *deliberate* conduct, the municipality was the 'moving force' behind the injury alleged.  That is, a plaintiff must show

---

[25] 436 U.S. 658 (1978).

[26] *Id*. at 690.

[27] *Id*. at 691.

[28] *Bd. of County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997).

[29] *Id*. at 404.

that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights."[30]

Looking at Plaintiff's Complaint in the light most favorable to him and taking the allegations in his Complaint as true, as the Court must, the Court can find no allegation that Plaintiff's injuries were caused by a policy or custom of Midvale City.  As a result, Plaintiff's Complaint fails to state a claim for which relief may be granted as against the County and will be dismissed as against it.

## IV.  CONCLUSION

It is therefore

ORDERED that Defendant Sheriff Aaron Kennard's Motion to Dismiss (Docket No. 22) is GRANTED.  It is further

ORDERED that Defendant Midvale City Police Department's Motion to Dismiss (Docket No. 18) is GRANTED.  It is further

ORDERED that Plaintiff's Complaint is DISMISSED.  The clerk of the court is directed to close this case forthwith.

DATED   January 27, 2006.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[30]*Id.*