IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| EDWARD ARLEN JOHNSON,<br><br>Plaintiff,<br><br>vs.<br><br>ARLEN JOHNSON, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER ON PENDING MOTIONS<br><br><br>Case No. 2:05-CV-749 TS |

These matters are before this Court on remand from the Tenth Circuit and the Court considers several recent filings by Plaintiff, who is proceeding *pro se.* More specifically, the Court addresses Plaintiff's Motion to Amend/Correct Complaint,[1] Motion to Appoint Counsel,[2] Motion for Service of Process,[3] and Request for Judgment.[4]

Plaintiff originally filed a civil rights Complaint under 42 U.S.C. § 1983 asserting claims arising from his arrest by the Midvale City Police Department ("MCPD") and subsequent detainment at the Salt Lake County Jail ("SLCJ"). This Court originally dismissed Plaintiff's action, pursuant to Motions to Dismiss by the MCPD and Sheriff Kennard. On appeal, the Tenth

---

[1]Docket No. 48.

[2]Docket No. 46.

[3]Docket No. 47.

[4]Docket No. 44.

Circuit held that this Court incorrectly construed Plaintiff's claims when it failed to construe them as against unnamed officers and jail officials. The Tenth Circuit further held that because of this error, this Court improperly dismissed the entire action when motions to dismiss were only filed by MCPD and Sherriff Kennard. Finally, the Tenth Circuit held that Plaintiff should be given an appropriate opportunity to amend his Complaint to name the proper unidentified officer and jail official defendants.

First, Plaintiff has filed what the Court construes as a Motion to Amend his Complaint. Plaintiff shall have thirty (30) days from the date of this Order to properly amend his Complaint in the manner prescribed by the Tenth Circuit. If Plaintiff fails to do so, his Complaint will be dismissed.

Second, and for the second time, Plaintiff seeks the appointment of counsel in this matter. Plaintiff has no constitutional right to counsel.[5] The Court may appoint counsel in its discretion.[6] "The burden is upon the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel."[7] When deciding whether to appoint counsel, the Court should consider a number of factors, "including 'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.'"[8]

---

[5] *See Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995); *Bee v. Utah State Prison*, 823 F.2d 397, 399 (10th Cir. 1987).

[6] *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).

[7] *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985).

[8] *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams*, 926 F.2d at 996).

Considering the factors listed above, the Court found previously that it was not clear that Plaintiff had asserted a colorable claim. It is still not clear to the Court that Plaintiff has done so. Plaintiff has not asserted any new claims or new parties. The issues in this case are not complex. While the Court has ongoing concerns about Plaintiff's ability to present these claims, it does not consider the appointment of counsel necessary at this time. Therefore, the Court again denies Plaintiff's second Motion for Appointment of Counsel, but may further consider the issue should Plaintiff properly amend his Complaint.

Third, Plaintiff again moves for service of process. Service of process has already been granted as to the Defendants which Plaintiff has named in this action. Because Plaintiff has not named the unidentified officer and jail official defendants, no process can be served upon them. Therefore, the Court will deny Plaintiff's second Motion for Service of Process. If Plaintiff properly amends his Complaint to include such defendants within the time provided, Plaintiff may file another Motion for Service of Process for the Court's consideration.

Finally, Plaintiff has filed what the Court construes as a motion or request for judgment. This motion is premature, and as such, it will be denied. It is therefore

ORDERED that Plaintiff's Motion to Amend (Docket No. 48) is GRANTED. Plaintiff shall have thirty (30) days from the date of this Order to amend his Complaint. It is further

ORDERED that Plaintiff's second Motion to Appoint Counsel (Docket No. 46) is DENIED. It is further

ORDERED that Plaintiff's second Motion for Service of Process (Docket No. 47) is DENIED. It is further

ORDERED that Plaintiff's Request for Judgment (Docket No. 44) is DENIED.

DATED   February 15, 2007.

                                            BY THE COURT:

                                            _____
                                            TED STEWART
                                            United States District Judge