IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| EDWARD ARLEN JOHNSON,<br><br>    Plaintiff,<br><br>vs.<br><br>ARLEN JOHNSON, et al.,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER ON PENDING MOTIONS<br><br><br><br>Case No. 2:05-CV-749 TS |

    This matter is before the Court on Salt Lake County Sheriff's Department's Motion to Dismiss[1] and Plaintiff's Motion for Default Judgment.[2]

    Plaintiff, proceeding *pro se*, has brought claims under 42 U.S.C. § 1983 of unlawful detention, false imprisonment, and/or excessive force against unidentified jail officials from the Salt Lake County Sheriff's Department, as well as a claim of false arrest against Officer Ken Yurgelon and unnamed Midvale City Police Officers.

    The Salt Lake County Sheriff's Department moves for dismissal under Fed. R. Civ. P. 12(b)(6) upon the grounds that subordinate government agencies, in the absence of statutory authorization, ordinarily do not have the capacity to be sued under Section 1983.[3] The Salt Lake

---

[1] Docket No. 67.

[2] Docket No. 71.

[3] *See, e.g.*, *Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985); *Bauchman v. West High School*, 900 F. Supp. 254, 263-64 (D.Utah 1995).

County Sheriff's Department correctly points out that no such statutory authorization exists. To the extent that Plaintiff's claims may be construed to state claims against the Salt Lake County Sheriff's Department as an entity, they will be dismissed. However, Plaintiff's claims against unidentified jail officials from the Salt Lake County Sheriff's Department remain.

Also, Plaintiff brings a Motion for Default Judgment against all Defendants in this action. The Court will deny Plaintiff's Motion because a default certificate has not been entered by the Clerk of the Court. The Court notes that entry of the certificate is not forthcoming because Docket Nos. 73 and 74 reflect that official service on the parties occurred on April 24 and 26, 2007, and that Defendants answered within the allotted time. Moreover, entry of default judgment against unidentified defendants is not appropriate.[4]

For the foregoing reasons, it is therefore

ORDERED that Salt Lake County Sheriff's Department's Motion to Dismiss (Docket No. 67) is GRANTED. The unidentified Salt Lack County Sheriff's Department defendants remain. It is further

ORDERED that Plaintiff's Motion for Default Judgment is DENIED (Docket No. 71).

DATED   June 13, 2007.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[4] *E.g.*, *Wallace v. Federated Dept. Stores, Inc.*, 2006 WL 1620176, at *1 n.1 (E.D. Pa. June 7, 2006) *aff'd in relevant part* 214 Fed.Appx 142 (3d Cir. Jan. 11, 2007).