IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| EDWARD ARLEN JOHNSON,<br><br>    Plaintiff,<br><br>vs.<br><br>ARLEN JOHNSON, et al.,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER ON PENDING MOTIONS<br><br><br><br>Case No. 2:05-CV-749 TS |

On November 8, 2007, and November 26, 2007, the Court granted Plaintiff's Motion for Service of Process,[1] and directed the marshal to serve process on various Defendants.[2] Defendants have now responded to Plaintiff's Complaint in one of two ways: the Murray City Police Officer Defendants[3] have moved to dismiss Plaintiff's Complaint;[4] the Salt Lake County

---

[1] Docket Nos. 94 and 97.

[2] These Defendants can be classified into two groups: the Murray City Police Officer Defendants and the Salt Lake County Defendants.

[3] The Murray City Police Officer Defendants include Officers David Clawson, Tyler Evans, Thomas Martin, Doug Roberts, and Brian Wiseman.

[4] Docket No. 100.

1

Defendants[5] have motioned the Court to order Plaintiff to provide a more definite statement.[6] Plaintiff has requested that the Court not dismiss the Murray City Police Officer Defendants[7] and to find Defendants guilty.[8] Plaintiff has also submitted filings which attempt to respond to Defendants' requests.  For the reasons set forth below, the Court will deny without prejudice the Murray City Police Officer Defendants' Motion to Dismiss and will grant the Salt Lake County Defendants' Motions for More Definite Statement.

## I.  DISCUSSION

A.MOTION TO DISMISS

The Murray City Police Officer Defendants seek dismissal of Plaintiff's Complaint pursuant to Fed.R.Civ.P. 8 and 12(b)(6).  Rule 8(a) provides that a "pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  Rule 8(e) goes on to state that "[e]ach averment of a pleading shall be simple, concise, and direct."  Further, Rule 41(b) specifically authorizes a court to dismiss an action for failing to comply with any aspect of the Federal Rules of Civil Procedure.

---

[5] The Salt Lake County Defendants include Captain Ronald G. Adams, Sergeant Brett Anjewierden, Officer Douglas R. Ashman, Detective Kim D. Cowley, Officer Travis W. Gardner, Officer Robert R. Hansen, Jr., Officer Erica Harmer, Sergeant Robert W. Leder, Officer Chad R. Miller, Lt. James E. Walter, Officer David L. Wilbur, Officer Robert B. Coker, Officer Matthew P. McLean, Captain Tory L. Dial, and Veisinia K. Moungaafi.

[6] Docket Nos. 103, 110, and 116.

[7] Docket No. 102.

[8] Docket No. 108.

Recently, the Tenth Circuit stated that when employing Rule 41(b) to dismiss a case for failing to comply with Rule 8, the Court must consider certain criteria.[9]  In particular, the Court must consider: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant;  (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.[10]

In this case, the Court considers the fourth and fifth of these factors to be especially important.  The Court has not warned Plaintiff that his failure to follow Rule 8 would result in the dismissal of his action.  The Court will do so now.  If Plaintiff fails to comply with Rule 8, as well as all other Federal Rules of Civil Procedure and Local Rules, Plaintiff's Complaint may be dismissed.

Further, the Court does not believe that dismissal is appropriate at this time.  Rather, the Court believes that lesser sanctions are appropriate.  The Court will provide Plaintiff an opportunity to file an Amended Complaint within thirty (30) days of this Order.  The Amended Complaint should be one document setting forth Plaintiff's claims in a short and plain statement, which is simple, concise, and direct.  In particular, Plaintiff should identify each Defendant; what each Defendant did to him; when the Defendant did it; how the Defendant's action harmed him; and what specific legal right the Plaintiff believes Defendants violated.[11]  Plaintiff should provide

---

[9] *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1162 (10th Cir. 2007).

[10] *Id*.

[11] *See id*. at 1163.

as much information as possible as to each named Defendant and be as specific as possible concerning the allegations he raises as to each named Defendant.

As noted, the Murray City Police Officer Defendants also seek dismissal of Plaintiff's Complaint based on Rule 12(b)(6).  Because of the Court's decision to allow Plaintiff to file an Amended Complaint, the Court will deny this motion without prejudice.  The Murray City Police Officer Defendants may raise this motion again after Plaintiff files his Amended Complaint, if appropriate.

B.    MOTIONS FOR MORE DEFINITE STATEMENT

The Salt Lake County Defendants move the Court for an order requiring Plaintiff to submit a more definite statement of the allegations against them pursuant to Fed.R.Civ.P. 12(e).  For the reasons set forth above, the Court will grant the Salt Lake County Defendants' Motions for More Definite Statement.  As noted above, within thirty (30) days, Plaintiff shall file an Amended Complaint that identifies each Defendant; what each Defendant did to him; when the Defendant did it; how the Defendant's action harmed him; and what specific legal right the Plaintiff believes Defendants violated.

## II.  CONCLUSION

It is therefore

ORDERED that the Murray City Police Officer Defendants' Motion to Dismiss (Docket No. 100) is DENIED WITHOUT PREJUDICE.  It is further

ORDERED that Plaintiff's Motion Not to Dismiss Murray City Police Officers (Docket No. 102) is GRANTED.  It is further

ORDERED that the Salt Lake County Defendants' Motions for More Definite Statement (Docket Nos. 103, 110, and 116) are GRANTED.  It is further

ORDERED that Plaintiff's Motion to Find Defendants Guilty (Docket No. 108) is DENIED.  It is further

ORDERED that within thirty (30) days Plaintiff file an Amended Complaint that identifies each Defendant; what each Defendant did to him; when the Defendant did it; how the Defendant's action harmed him; and what specific legal right the Plaintiff believes Defendants violated.

DATED   January 8, 2008.

BY THE COURT:

_____
TED STEWART
United States District Judge