IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| EDWARD ARLEN JOHNSON,<br><br>   Plaintiff,<br><br><br><br><br><br>vs.<br><br><br><br>ARLEN JOHNSON, et al.,<br><br>   Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND DENYING PLAINTIFFS' MOTION TO APPOINT COUNSEL AND SET HEARING<br><br><br><br><br><br>Case No. 2:05-CV-749 TS |

On November 8, 2007, and November 26, 2007, the Court granted Plaintiff's Motion for Service of Process,[1] and directed the marshal to serve process on various Defendants. These Defendants can be classified into two groups: the Murray City Police Officer Defendants and the Salt Lake County Defendants. The Murray City Police Officer Defendants include Officers Clawson, Evans, Martin, Roberts, and Wiseman. The Salt Lake County Defendants include Captain Adams, Sergeant Anjewierden, Officer Ashman, Detective Cowley, Officer Gardner,

---

[1]Docket Nos. 94 and 97.

1

Officer Hansen, Officer Harmer, Sergeant Leder, Officer Miller, Lt. Walter, Officer Wilbur, Officer Coker, Officer McLean, Captain Dial, and Defendant Moungaafi.

On January 8, 2008, the Court directed Plaintiff to file an Amended Complaint clearly identifying each Defendant, what each Defendant did, when the Defendant did it, how the Defendant's actions harmed Plaintiff, and what specific legal right Plaintiff believes Defendants violated.[2] Plaintiff filed an Amended Complaint on January 14, 2008.[3] In response, Defendants Yurgelon,[4] Anjewierden,[5] Ashman,[6] Burbidge,[7] and Gardner[8] answered Plaintiff's Amended Complaint. The remaining Defendants have filed three different Motions to Dismiss.

The Murray City Police Officer Defendants seek dismissal pursuant to Fed.R.Civ.P. 8(a) and 12(b)(6).[9] Salt Lake County Defendants Adams, Coker, Cowley, Hansen, Harmer, Leder, McLean, Miller, and Walter seek dismissal on the same grounds.[10] Defendants Dial and Moungaafi seek dismissal because the Amended Complaint is devoid of any claims against

---

[2] Docket No. 123.

[3] Docket No. 124.

[4] Docket No. 127.

[5] Docket No. 134.

[6] Docket No. 135.

[7] Docket No. 136.

[8] Docket No. 137.

[9] Docket No. 130.

[10] Docket No. 140.

them.[11]  Plaintiff opposes the various motions and asks the Court to set a trial date in this matter.[12]  Plaintiff also seeks the appointment of counsel.[13]

## I.  MOTION TO DISMISS STANDARD

"Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[14]  "A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff."[15]  "A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[16]  This means "that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."[17]

---

[11]Docket No. 138.

[12]Docket Nos. 129, 132, 144, and 147.

[13]Docket No. 108.

[14]*Perkins v. Kan. Dept. of Corrections*, 165 F.3d 803, 806 (10th Cir. 1999).

[15]*Hall v. Bellmon*, 935 F.2d 1006, 1109 (10th Cir. 1991).

[16]*Id*. at 1110.

[17]*Id*.

## II. FACTUAL ALLEGATIONS

The following allegations are taken from Plaintiff's Amended Complaint and are accepted as true for the purposes of this Motion.

On or about May 21, 2005, Plaintiff was arrested for domestic violence assault at his father's home in Midvale, Utah by Defendant Yurgelon of the Midvale City Police Department. Plaintiff was then taken to the Salt Lake County Jail where he was held until approximately September 1, 2005. Plaintiff alleges that while at the jail, various jail officials assaulted him. Plaintiff alleges that on July 8, 2005, Defendant Anjewierden sprayed him with O.C. spray. Plaintiff alleges that on either July 16, 2005, or July 20, 2005, Defendant Gardner sprayed him with O.C. Spray. Plaintiff alleges that Defendant Ashman took part in the alleged assault involving either Defendant Anjewierden or Defendant Gardner. Plaintiff also alleges that Defendants Adams and Walter deprived him of the right to avoid disciplinary action. Plaintiff finally alleges that while incarcerated, various Salt Lake County jail officials, including Defendants Coker, Hansen, Harmer, Leder, McLean, Miller, and Wilbur, denied him access to the courts.

Plaintiff was released from the Salt Lake County Jail on or about September 1, 2005. At some point, Plaintiff was taken to the Cottonwood Hospital.[18] Plaintiff alleges that while at the Cottonwood Hospital he began seeing dead people. On or about September 14, 2005, not wanting to witness these things any longer, Plaintiff fled the hospital. Plaintiff's flight was aided by his theft of a front-end loader. Officers from the Murray City Police Department attempted to apprehend Plaintiff. However, Plaintiff used the stolen front-end loader in an attempt to evade

---

[18] It is not clear from the Amended Complaint when or under what conditions Plaintiff was taken to the Cottonwood Hospital.

the officers. Plaintiff's attempted evasion was unsuccessful and he was ultimately arrested by various members of the Murray City Police Department, identified above. Plaintiff states that he was then placed in a mental hospital.[19]

On November 8, 2005, Plaintiff was booked into the Salt Lake County Jail. While being booked into jail, Defendant Burbidge allegedly instructed Plaintiff to remove his boots and throw them at his, Defendant Burbidge's, feet. Plaintiff did so and, while throwing his boot, struck Defendant Burbidge with his boot. Plaintiff was then taken to the ground as a result of this incident. Plaintiff alleges that he was injured as a result.

### III. DISCUSSION

From the above, the Court identifies the following potential causes of action in Plaintiff's Amended Complaint: (1) false arrest by Defendant Yurgelon in May 2005; (2) unlawful detention, false imprisonment, and/or excessive force against various jail officials; (3) denial of access to courts against various jail officials and due process violations; (4) false arrest against the Murray City Police Officers concerning the September 14, 2005 arrest; and (5) excessive force against Defendant Burbidge in relation to the November 8, 2005 booking incident.

As noted, Defendants Yurgelon, Anjewierden, Ashman, Burbidge, and Gardner have each filed an Answer. The allegations against these Defendants form the basis for Plaintiff's first, second, and fifth causes of action. Because these Defendants have filed Answers, there is no need to discuss these causes of action in this Order. The remaining Defendants have filed Motions to Dismiss seeking dismissal of Plaintiff's third and fourth causes of action.

---

[19] Again it is unclear under what conditions Plaintiff was taken to the mental hospital.

A.     RULE 8(a)

As an initial matter, all moving Defendants seek dismissal of Plaintiff's Amended Complaint based on a failure to comply with Fed.R.Civ.P. 8 and the Court's previous Order.

Rule 8(a) provides that a "pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(e) goes on to state that "[e]ach averment of a pleading shall be simple, concise, and direct." To satisfy the requirements of Rule 8, a pro se litigant must understand that:

> [A] complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated. . . . [T]hese are, very basically put, the elements that enable the legal system to get weaving—permitting the defendant sufficient notice to begin preparing its defense and the court sufficient clarity to adjudicate the merits.[20]

Rule 41(b) specifically authorizes a court to dismiss an action for failing to comply with any aspect of the Federal Rules of Civil Procedure. The Tenth Circuit recently noted that failure to satisfy Rule 8 can be a basis for dismissal under Rule 41(b).[21]

Before employing Rule 41(b) to dismiss a case for failing to comply with Rule 8, the Court must consider certain criteria.[22] In particular, the Court must consider: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.[23]

---

[20]*Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

[21]*Id*. at 1161.

[22]*Id*. at 1162.

[23]*Id*. (citing *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992)).

On January 8, 2008, the Court entered an Order directing Plaintiff to file an Amended Complaint.[24]  The Court provided the following guidance to Plaintiff:

> Plaintiff should identify each Defendant; what each Defendant did to him; when the Defendant did it; how the Defendant's action harmed him; and what specific legal right the Plaintiff believes Defendants violated.  Plaintiff should provide as much information as possible as to each named Defendant and be as specific as possible concerning the allegations he raises as to each named Defendant.[25]

The Court cautioned Plaintiff that if he failed "to comply with Rule 8, as well as all other Federal Rules of Civil Procedure and Local Rules, [his] Complaint may be dismissed."[26]

On January 14, 2008, Plaintiff filed an Amended Complaint.  As with his other filings, Plaintiff's Amended Complaint is no model of clarity.  At times it is difficult, if not impossible, to comprehend.  However, a close reading of Plaintiff's Amended Complaint reveals that he has, at least with respect to most of the named Defendants, complied with the requirements of Rule 8. Plaintiff has attempted to identify each of the Defendants, what they did to him, and when they did it.  Further, Plaintiff has attempted to show how Defendants actions have harmed him and what specific legal right he believes Defendants have violated.  Again, the Court wishes to stress that Plaintiff's Amended Complaint is far from perfect, but dismissal for failure to comply with Rule 8 is not appropriate at this time.  As a result, the Court will proceed to discuss Defendants' Motions to Dismiss.

---

[24]Docket No. 123.

[25]*Id*. at 3–4 (citation omitted).

[26]*Id*. at 3.

B. SALT LAKE COUNTY DEFENDANTS

The Salt Lake County Defendants seek dismissal of Plaintiff's third cause of action relating to denial of access to courts. The Salt Lake County Defendants also seek dismissal of various jail officials who are named in the Amended Complaint.

*1. Defendants Dial and Moungaafi*

Defendants Dial and Moungaafi seek dismissal because Plaintiff's Amended Complaint is completely devoid of allegations against them. Plaintiff's Amended Complaint fails to name Defendant Moungaafi at all. As to Defendant Dial, the Amended Complaint states that he did something with the case, but that his participation is unknown.

A Section 1983 action must be predicated upon the deprivation of a constitutional right.[27] Here, Plaintiff's Amended Complaint is completely devoid of any allegations that Defendants Dial and Moungaafi deprived him of a constitutional right. The Amended Complaint fails to mention Defendant Moungaafi and states that Defendant Dial's participation is unknown. Because of the complete lack of allegations against these Defendants, they must be dismissed.

*2. Defendant Cowley*

As noted, a Section 1983 action must be predicated upon the deprivation of a constitutional right. Plaintiff's Amended Complaint makes the allegation that Defendant Cowley lied about the value of the front-end loader. There is nothing in the Amended Complaint to suggest that this alleged lie deprived Plaintiff of any constitutional right. Thus, Plaintiff has failed to state a claim against Defendant Cowley.

---

[27]*See Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006) ("In order for liability to arise under § 1983, a defendant's direct personal responsibility for the claimed deprivation of a constitutional right must be established.").

      3.      *Defendants Adams and Walter*

Plaintiff's Amended Complaint appears to allege that Defendants Adams and Walter denied Plaintiff the ability to contest the disciplinary actions taken against him. Although far from clear, it appears the Plaintiff is arguing that his Due Process rights were violated by Defendants Adams and Walter because he was not allowed to prove his innocence at a disciplinary hearing.

Plaintiff's argument is foreclosed by the Supreme Court's decision in *Edwards v. Balisok*.[28] In that case, the Court explained that "a state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence,' unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated."[29] The Tenth Circuit has applied this rule to challenges to punishments imposed as a result of prison disciplinary infractions.[30] Because Plaintiff's allegation that he was not able to prove his innocence at a disciplinary hearing necessarily implies the invalidity of his disciplinary convictions, and he has not shown or alleged that the convictions have previously been invalidated, Plaintiff's claim for damages on this ground fails and must be dismissed.

      4.      *Defendants Coker, Hansen, Harmer, Leder, McLean, Miller, and Wilbur*

Plaintiff's Amended Complaint alleges that Defendants Coker, Hansen, Harmer, Leder, McLean, Miller, and Wilbur interfered with his access to the courts in various ways.

---

[28] 520 U.S. 641 (1997).

[29] *Id.* at 643 (quoting *Heck v. Humphrey*, 512 U.S. 477, 487 (1994)).

[30] *Cardoso v. Calbone*, 490 F.3d 1194, 1199 (10th Cir. 2007).

The constitutional right of access to the courts is guaranteed by the Due Process Clauses of the Fifth and Fourteenth Amendments.[31] The right prohibits prison officials from affirmatively hindering a prisoner's efforts to construct a nonfrivolous appeal or claim.[32] To state a valid claim, however, a prisoner must demonstrate an actual injury that "hindered his efforts to pursue a legal claim."[33]

Plaintiff's Amended Complaint makes the following conclusory allegations concerning denial of access to the courts:

Plaintiff alleges that Defendants Leder, Coker, Harmer, and Hansen denied him access to the court. Plaintiff does not allege what these Defendants did to deny him access, nor does he allege that Defendant's actions made him unable to pursue a specific legal claim.

Plaintiff alleges that Defendant McLean interfered with his access to the courts by denying his "right" to be off restriction. Plaintiff does not allege, however, that being placed on restriction made him unable to pursue a specific legal claim.

Plaintiff alleges that Defendant Wilbur denied him access to the telephone, mail, and access to society. Again, Plaintiff fails to allege that he was unable to pursue a specific legal claim.

Finally, Plaintiff alleges that Defendant Miller denied him access to bail. Plaintiff does not state how Defendant Miller's actions prevented him from pursuing a specific legal claim.

---

[31] *Ward v. Kort*, 762 F.2d 856, 858 (10th Cir. 1985).

[32] *Green v. Johnson*, 977 F.2d 1383, 1389 (10th Cir. 1992).

[33] *Lewis v. Casey*, 518 U.S. 343, 351 (1996).

Although Plaintiff is proceeding pro se pleadings and his filings are liberally construed, conclusory allegations are not sufficient.[34] Based on the allegations contained in the Amended Complaint, the Court finds that Plaintiff has failed to show a denial of access to the court. In particular, Plaintiff has failed to allege that any denial of access by Defendants hindered his efforts to pursue a nonfrivolous claim.[35] Further, Plaintiff has failed to allege that he was injured as a result of Defendants' alleged actions. Therefore, Plaintiff's Amended Complaint will be dismissed against these Defendants.

C.   THE MURRAY CITY POLICE OFFICER DEFENDANTS

As noted, the Murray City Police Officer Defendants include: Officers Clawson, Evans, Martin, Roberts, and Wiseman. The Court construes Plaintiff's Amended Complaint as asserting a false arrest claim against these Defendants resulting from his September 14, 2005 arrest. The Murray City Police Officer Defendants seek dismissal of this claim.

   *1.   Defendants Evans and Roberts*

Defendants Evans and Roberts seek dismissal because the Amended Complaint does not name them or contain any allegations against them. Defendants are correct that Plaintiff's Amended Complaint makes no mention of Defendant Evans. As the Amended Complaint is completely devoid of any allegations against Defendant Evans, it must be dismissed against him. But the Complaint does name Defendant Roberts. Defendant Roberts is named as one of the

---

[34]*See Hall*, 935 F.2d at 1110.

[35]*See Friedman v. Kennard*, 248 Fed. Appx. 918, 921 (10th Cir. 2007) (holding that complaint should be dismissed because "it contains no facts from which one might discern that [plaintiff] was substantially hindered from pursuing a federal civil rights claim").

officers who arrested Plaintiff on September 14, 2005.  Thus, Defendant Roberts will not be dismissed on this ground.

    2.    *Remaining Murray City Police Officer Defendants*

As set forth above, the Court construes Plaintiff's Amended Complaint as asserting a claim of false arrest against the Murray City Police Officer Defendants resulting from his September 14, 2005 arrest.  Although the Murray City Police Officer Defendants seek dismissal of Plaintiff's Amended Complaint on the grounds that it fails to state a claim for false arrest, the Court believes that their Motion is better viewed as one asserting qualified immunity.

"The doctrine of qualified immunity shields public officials . . . from damages actions unless their conduct was unreasonable in light of clearly established law."[36]  To determine whether a public official is entitled to qualified immunity, the Court first considers whether Plaintiff's factual allegations show that the official's conduct violated a constitutional right, and if they do, the Court examines whether the right was clearly established."[37]  "If the officer's conduct did not violate a constitutional right, the inquiry ends and the officer is entitled to qualified immunity."[38]

"When a warrantless arrest is the subject of a § 1983 action, the defendant is entitled to qualified immunity if probable cause existed to arrest the plaintiff."[39]  "Probable cause exists

---

[36] *Elder v. Holloway*, 510 U.S. 510, 512 (1994).

[37] *See Saucier v. Katz*, 533 U.S. 194, 200 (2001).

[38] *Wilder v. Turner*, 490 F.3d 810, 813 (10th Cir. 2007).

[39] *Id*.  *See also Atwater v. Lago Vista*, 532 U.S. 318, 322 (2001) (stating that "[i]f an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender.").

'where facts and circumstances within an officer's knowledge and of which he had reasonably trustworthy information are sufficient to warrant a prudent man in believing that an offense has been or is being committed.'"[40]  The Court determines "probable cause from the totality of the circumstances taking into account both inculpatory as well as exculpatory evidence."[41]

      Here, accepting all of the allegations contained in the Amended Complaint as true, the Court finds that probable cause existed for Plaintiff's arrest.  Therefore, the Murray City Police Officer Defendants are entitled to qualified immunity and Plaintiff's Amended Complaint must be dismissed against them.  Plaintiff's Amended Complaint states that upon leaving Cottonwood Hospital, Plaintiff stole a front-end loader to aid his escape.  He then used the front-end loader in an attempt to evade officers.  Plaintiff admits that he was trying to escape the police.  The Information attached to Plaintiff's Amended Complaint confirms the allegations set out in the Amended Complaint.  Based on his admitted theft of the front-end loader and his attempt to flee from police, the Court finds that there was probable cause for Plaintiff's arrest.  As a result, the Murray City Police Officer Defendants are entitled to qualified immunity and Plaintiff's false arrest claim resulting from his September 14, 2005 arrest must be dismissed.

---

[40]*Marshall v. Columbia Lea Regional Hosp.*, 345 F.3d 1157, 1166 (10th Cir. 2003) (quoting *Karr v. Smith*, 774 F.2d 1029, 1031 (10th Cir. 1985)).

[41]*Wilder*, 490 F.3d at 814.

D.     PLAINTIFF'S MOTIONS

   1.     *Motion for Appointment of Counsel*

Plaintiff continues to seek the appointment of counsel in this matter.[42] The Court has previously denied Plaintiff's request,[43] but will take this opportunity to review Plaintiff's renewed Motion.

Plaintiff has no constitutional right to counsel.[44] The Court may appoint counsel in its discretion.[45] "The burden is upon the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel."[46] When deciding whether to appoint counsel, the Court should consider a number of factors, "including 'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.'"[47]

Considering the factors listed above, the Court concludes that the appointment of counsel is unwarranted. First, it is not clear at this point that Plaintiff has asserted a colorable claim. Second, the legal and factual issues raised in this case are not complex. Third, the Court finds that Plaintiff has the ability to present his claims and has done so throughout this case, including

---

[42] Docket No. 108.

[43] Docket No. 7.

[44] *See Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995); *Bee v. Utah State Prison*, 823 F.2d 397, 399 (10th Cir. 1987).

[45] *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).

[46] *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985).

[47] *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams*, 926 F.2d at 996).

prevailing on appeal.  Therefore, the Court will deny Plaintiff's Motion without prejudice to its later refiling.

    *2.    Motion for Trial*

Plaintiff, through various filings,[48] asks this Court to find Defendants guilty and set this matter for trial.  The Court understands Plaintiff's concerns and his desire to present his case at trial.  However, taking these actions is inappropriate when there are pending motions to dismiss and discovery has not yet taken place.  This case must proceed on the same track as all others.  Therefore, the Court will deny Plaintiff's motions.  However, the Court will set this matter for an initial pretrial conference so that a scheduling order directing the course of this litigation can be put in place.

## IV.  CONCLUSION

Based on the above, the Court will dismiss Plaintiff's claims against the Murray City Police Officer Defendants and the Salt Lake County Defendants who have filed Motions to Dismiss.  Plaintiff's denial of access to courts cause of action against the Salt Lake County Defendants and Plaintiff's false arrest claim against the Murray City Police Officer Defendants are dismissed.  Plaintiff's remaining claims are: (1) false arrest against Defendant Yurgelon relating to Plaintiff's May 2005 arrest; (2) a claim of unlawful detention, false imprisonment, and/or excessive force against Defendants Anjewierden, Ashman, and Gardner for the events taking place on July 8, 16, and 20, 2005; and (3) an excessive force claim against Defendant Burbidge resulting from Plaintiff's November 8, 2005 booking.  As all remaining Defendants have now answered, the Court will set this matter for an initial pretrial conference.

---

[48] Docket Nos. 129, 132, 144, and 147.

It is therefore

ORDERED that Plaintiff's Motion to Appoint Counsel (Docket No. 108) is DENIED WITHOUT PREJUDICE. It is further

ORDERED that Plaintiff's Motion to Find Guilty and Motion for Hearing (Docket No. 129) is DENIED. It is further

ORDERED that the Murray City Police Officer Defendants' Motion to Dismiss (Docket No. 130) is GRANTED. It is further

ORDERED that Plaintiff's Motion to Deny Dismiss and Motion for Hearing (Docket No. 132) is DENIED. It is further

ORDERED that Defendant Dial and Moungaafi's Motion to Dismiss (Docket No. 138) is GRANTED. It is further

ORDERED that Defendants' Motion to Dismiss (Docket No. 140) is GRANTED. It is further

ORDERED that Plaintiff's Motion for Hearing and Motion to Find Defendants Guilty (Docket No. 144) is DENIED. It is further

ORDERED that Plaintiff's Motion for Hearing (Docket No. 147) is DENIED.

DATED April 22, 2008.

BY THE COURT:

TED STEWART
United States District Judge

