# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
## CENTRAL DIVISION

| | |
|---|---|
| EDWARD ARLEN JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>KEN YURGELON, Officer Midvale Police Department, MICHAEL LLOYD, BRIAN PICKLE, JOSH WOFFINDEN, FNU WILBUR, Officer, J. JOHNSON, Officer, FNU WIDDMEYER, Officer, FNU MILLER, Officer, and JASON JENSEN,<br><br>Defendants. | **ORDER AND MEMORANDUM DECISION DENYING PLAINTIFF'S MOTION TO WITHDRAW AND MOTION TO APPOINT COUNSEL**<br><br>Case No. 2:05-cv-00749-BCW<br><br>Judge Brooke C. Wells |

On March 26, 2010, the Court heard argument regarding Plaintiff Edward Johnson's counsel's motion to withdraw as attorney[1] and Plaintiff's motion to appoint counsel.[2] Romaine C. Marshall and David Zimmerman appeared for Plaintiff. David Church and Nicholas M. D'Alesandro appeared for Defendants. Mr. Johnson was also present pursuant to the Court's instructions. Having reviewed the parties' memoranda, relevant case law, and having heard oral argument on the matter and being fully informed the Court DENIES the motion to withdraw and motion to appoint counsel as outlined during oral argument.

In addition, during the hearing the Court conducted a Rule 17(c)[3] inquiry to determine Mr. Johnson's competency to proceed with this litigation. Rule 17(c) provides that "[t]he court

---

[1] Docket no. 258.

[2] Docket no. 262.

[3] Fed. R. Civ. P. 17(c) (2009).

must appoint a guardian ad litem . . . to protect a minor or incompetent person . . . ."[4]  The Rule also permits a representative to sue on behalf of an incompetent person.[5]

Prior to the hearing, the Court throughly reviewed the history and pleadings in this case. Having reviewed the record, the Court takes judicial notice of the form, nature and tenor of the pleadings filed by Mr. Johnson. Based upon the Court's questioning of Mr. Johnson in open court and Mr. Johnson's answers regarding his mental capacity, his diagnosis of a serious Axis I mental illness and treatment for that illness which has included hospitalizations and psychotropic medication,[6] his lack of legal training, and the observations of his attorney who has represented him, the Court finds that Plaintiff is incompetent to continue this matter on his own. The Court, therefore, will appoint a guardian ad litem who will be given authority to handle this case on behalf of Plaintiff.[7]  The Court requests that all counsel in this matter work with the guardian ad litem toward possible resolution based upon past negotiations. The Court continues indefinitely the due date for Plaintiff's opposition to Defendants' motion for summary judgment.[8]

Finally, the Court sets a status conference for May 10, 2010 at 1:30 P.M. in Room 436 at which time a guardian ad litem will be formally appointed.

---

[4]Fed. R. Civ. P. 17(c)(2).

[5]*Id.* at 17(c)(1).

[6]Tr. p. 6 (tr refers to the transcript of the proceedings before the Court on March 26, 2010).

[7]*See id.*; *Maynard v. Casebolt*, 221 F.3d 1352 (10th Cir. 2000); *Hudnall v. Seller*, 800 F.2d 377 (4th Cir. 1986); *New Mexico Veterans' Service Comm. v. United Van Lines, Inc.*, 325 F.2d 548 (10th Cir. 1963).

[8]Docket no. 252.

IT IS ORDERED:

DATED this 13th day of April, 2010.

BY THE COURT:

_____
BROOKE C. WELLS
United States Magistrate Judge